08-1289-pr
Persad v. Conway

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                          **Chief Judge**,
             JOHN M. WALKER, JR.,
             DEBRA A. LIVINGSTON,
                          **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
SERUANINE PERSAD,
          **Petitioner-Appellant**,

          **-v.-**                                    08-1289-pr

JAMES CONWAY, Warden, Attica
Correctional Facility
          **Respondent-Appellee**.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR PETITIONER:    RANDA D. MAHER, Law Office of
                             Randa D. Maher, Great Neck, New
                             York.

APPEARING FOR APPELLEES:     PRISCILLA STEWARD, Assistant
                             Attorney General for the State

1

of New York, New York, New York (Barabara D. Underwood, Roseann B. MacKechnie, on the brief, Solicitor General's Office of the State of New York), *for* Andrew M. Cuomo, Attorney General of the State of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Seruanine Persad appeals the judgment of the district court denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Persad contends that the jury charge was unbalanced to such an extent, and infected his trial with such unfairness, that his conviction must be vacated. To succeed on his claim, Persad must establish that: (1) the jury charge was unbalanced in violation of New York law; (2) the unbalanced charge violated Persad's Fourteenth Amendment right to due process; and (3) habeas relief is available pursuant to 28 U.S.C. § 2254(d). See Harris v. Alexander, 548 F.3d 200, 203 (2d Cir. 2008).

Although we conclude that the charge was unbalanced in violation of New York law, see People v. Williamson, 40 N.Y.2d 1073, 1074 (N.Y. 1976); People v. Bell, 38 N.Y.2d 116, 123 (N.Y. 1975), we nonetheless affirm because Persad suffered no deprivation of due process. The decisive inquiry is whether the unbalanced instruction, understood in the context of the charge and the trial as a whole, see Gaines v. Kelly, 202 F.3d 598, 606 (2d Cir. 2000), "by itself so infected the entire trial that the resulting conviction violates due process," Cupp v. Naughten, 414 U.S. 141, 147 (1973); see also Jackson v. Edwards, 404 F.3d 612, 624 (2d Cir. 2005) (framing the issue as whether the instruction was "sufficiently harmful to make the conviction unfair." (internal quotation marks omitted)).

Here, the prosecution adduced overwhelming evidence of Persad's guilt, including the testimony of multiple witnesses, positive identifications (both during the investigation and in-court during trial), Persad's own statement, and Persad's flight upon learning that he was under investigation for the shooting.  In light of this evidence, the unbalanced charge did not deprive Persad of his due process rights under <u>Cupp</u>.

Finding no merit in Persad's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK